**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rafael RETA–MENDOZA,**
**Defendant–Appellant.**

No. 04–11670.
Non–Argument Calendar
D.C. Docket No. 03–00523–CR–1–1.

United States Court of Appeals,
Eleventh Circuit.

April 18, 2005.

Angela M. Jordan, Amy Levin Weil, U.S. Attorney's Office, Atlanta, GA, for Plaintiff-Appellee.

Thomas Jake Waldrop, Stephanie Kearns, Federal Defender Program, Inc., Atlanta, GA, for Defendant-Appellant.

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM.

Appellant Rafael Reta-Mendoza appeals his 41-month sentence for illegal reentry in the United States after deportation, 8 U.S.C. § 1326, arguing that, in light of the Supreme Court's recent decision in *Blakely v. Washington,* — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), his sentence was illegal because the district court enhanced his sentence beyond the constitutional maximum. Specifically, Reta-Mendoza contends that the district court erred in basing its enhancement on a prior conviction that was not charged in the indictment and found by a jury beyond a reasonable doubt.

We find no error in this case. In the Supreme Court's most recent pronouncement in this area, *United States v. Booker,* — U.S. —, 125 S.Ct. 738, 756, 160 L.Ed.2d 621, 650 (2005) the Court stated that prior convictions may support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict, even though they were not included in the indictment and found by a jury beyond a reasonable doubt. ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). In this case, the district court enhanced Reta-Mendoza's sentence based on his prior convictions, and thus, did not err.

**AFFIRMED.**